# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs August 31, 2011

## MICHAEL G. McCALL v. JENNIFER SUE McCALL a/k/a JENNIFER SUE JORDAN

**Direct Appeal from the Chancery Court for Crockett County**
**No. 9313      George R. Ellis, Chancellor**

---

**No. W2011-01146-COA-R3-CV - Filed October 4, 2011**

---

Mother and Father, the divorced parents of two minor children, filed a joint motion in the trial court to modify the permanent parenting plan. The trial court denied the joint motion and Mother appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Mitchell G. Tollison, Jackson, Tennessee, for the appellant, Jennifer Sue McCall a/k/a Jennifer Sue Jordan.

## MEMORANDUM OPINION[1]

Jennifer Sue Jordan (formerly Jennifer Sue McCall) and Michael G. McCall are the parents of two minor children. The children were born in 2003 and 2007. The parents filed a joint motion to modify the Permanent Parenting Plan which was entered following their

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

divorce.[2]  Following a hearing on the joint motion, the trial court entered an order denying the joint motion to modify the Permanent Parenting Plan "because Robert Lee Amerson[3] is a registered sex offender and it does not matter to the court that the victim of the sex offense was not a minor at the time of the commission of the sex offense."  Mother, the only appellant, argues that the trial court erred in denying the joint motion on the basis that the victim in the case to which Mr. Amerson plead guilty to sexual battery by an authority figure was an adult, there was no legal prohibition to the minor children being in the presence of Mr. Amerson.

The proposed parenting plan sought in the joint motion would decrease Mother's parenting time from 233 days per year to 198 and increase Father's from 132 days to 167. The child support to be paid by Father would be reduced from $197 per month to $4 per month, changes would be made in the vacation and holiday schedules and, significantly, the children would be allowed to be in the presence of Mr. Amerson.

Upon reviewing this record, this Court issued the above mentioned show cause order because the trial court did not address the other relief sought in the petition but limited the denial of the motion to the request that Mr. Amerson may be in the presence of the minor children.  The response insisted that the trial court's order was a final order because, while the order did not specify all of its reasons for denying all of the portions of the joint motion, the motion was nevertheless denied.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

We have determined that this Court does not have jurisdiction because the trial court failed to address the remainder of the relief sought in the joint petition as set forth above. Since it does not appear that all the claims have been adjudicated, this Court could only have jurisdiction to hear this matter if permission to appeal has been granted, or if the order appealed has been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.  The record does not reflect, however, that permission to appeal has been granted, or that the order appealed was made final pursuant to Rule 54.02.

---

[2] In her response to this Court's show cause order, Mother, the appellant herein, attached a copy of the final decree of divorce and the original Permanent Parenting Plan.

[3] The record before us does not further identify Robert Lee Amerson or his relationship, if any, to the parties.

The appeal is hereby dismissed for lack of a final judgment. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of the Appellant, consolidate the record in this appeal with the record filed in the new appeal. The costs of this appeal are taxed to the Appellant, Jennifer Sue McCall a/k/a Jennifer Sue Jordan, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE